IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Mr. Lawrence Nelson** | \* |
|     **Plaintiff** | \* |
| | \* |
| v. | Case No. JKS 12-2288 |
| | \* |
| **A&H Motors, Inc.** | |
| **(d/b/a "Monster Auto Group")** | \* |
|     **Defendant** | \* |

_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Lawrence Nelson ("Plaintiff"), by his attorney, moves for an Order of Attorneys' Fees and Costs, pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), Md. Ann. LE art. 3-501 *et seq.*, Fed. R. Civ. P. 54(d)(2)(A), and Local Rule 109.2 of this Court.

**I.     INTRODUCTION**

    **A.     An Overview**

The prosecution and recovery of wages in this case is a tremendous vindication of the federally-protected rights of a low-income worker, in the most difficult and undesirable circumstances: pursuing a corporate defendant who was no longer operating at the location where Plaintiff was formerly employed. .

The key to deciding this Motion is the undesirability of this case, the skill required to approach the issues, and the necessary persistence of Plaintiff's counsel.

    **B.     Factual Background**

Defendant, doing business as "Monster Auto Group," is a used car dealership.

Plaintiff sold automobiles for the Defendant. Plaintiff alleges that he was not properly paid the minimum wage, and that his commissions were not all paid to him for his work for Monster Auto Group. (Doc. 1; ¶¶ 10-14).

On October 22, 2012, Defendant issued a check in the amount of $1,600.00 to the Plaintiff. Plaintiff has cashed that check. (Exh. 1)

Thereafter, a partial day mediation was held on November 15, 2012 before the Honorable William Connelly. A settlement agreement failed to materialize, but the parties remained in contact. An Offer of Judgment was issued, and ultimately accepted. (Doc. 13). An Order of Judgment was entered on December 13, 2012, in the amount of $4,500.00. (Doc. 14).

Pursuant to Fed. R. Civ. P. 54(d)(2)(A), and Local Rule 109.2, Plaintiffs file this memorandum in support of the motion for attorneys' fees and costs. Plaintiffs have attempted to conform this Memorandum to the format required by Local Rule 109.2.b, as well as the Court's <u>Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases</u> in Appendix B of the Local Rules (herein referred to as the "Guidelines").

## II.   ATTORNEYS' FEES

### A.  <u>Nature of the Case</u>

This lawsuit involves a putative collective action involving one former employee of Defendant, a used car dealership, failure to pay the statutory minimum wages in violation of the FLSA (and failure to pay any wages in the absence of a bona fide dispute, in violation of the MWPCL). Several months after Plaintiff initially filed the lawsuit, and after a failed attempt to mediate this dispute, Defendant served an Offer of Judgment

under Fed.R.Civ.P. 68.  The Offer of Judgment was accepted by Plaintiff on December 11, 2012 (Doc. 13).  Judgment was entered in favor of the Plaintiff in the total amount of $4,500.00, which Defendant has not yet paid.  The remaining claims of the Plaintiff are for attorneys' fees and costs incurred in the prosecution of this matter.

### B.  Statutory Authority

The FLSA provides the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of action."  29 U.S.C. § 216(b).  In general, an award of attorney's fees to a prevailing plaintiff under the FLSA is mandatory, but the amount of the award is within the discretion of the judge.  Fegley v. Higgins, 19 F.3d 275, 276 (6th Cir. 1994).  By allowing the recovery of attorneys' fees, Congress created a carefully designed framework wherein individual workers of basic means could afford and retain an attorney to vindicate critically important Federal rights relating to labor markets.  See Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 262 n. 34, 263 (1975) (citing the Fair Labor Standards Act as an example of a mandatory fee provision, and observing that "under some, if not most of the statutes providing for the allowance of reasonable fees, Congress has opted to rely heavily on private enforcement to implement public policy and to allow counsel fees so as to encourage private litigation.").

The relevant section of the MWPCL is LE art. 3-507.2(b), which states:

> If, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and *not as a result of a bona fide dispute*, the court may award the employee an employment not exceeding 3 times the wage, and reasonable counsel fees and other costs.

Md. Ann. Code LE art. 3-507.2(b)

Defendants agreed that there is no bona fide dispute with respect to the MWPCL,

with respect to the right of the Plaintiffs to pursue the instant Motion. (Doc. 38-1).

### C. Claims As to Which Plaintiff Prevailed

As the Offer of Judgment indicates, the Plaintiff prevailed on both the FLSA and MWPCL claim. Plaintiffs are prevailing parties for these purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemore, 581 F. 2d 275, 278-79 (1st Cir. 1978)). The entry of judgment suffices to establish Plaintiffs as the prevailing parties under the FLSA. See Khalil v. Original Old Homestead Restaurant, Inc., 657 F. Supp. 2d 470 (S.D.N.Y. 2009) (entry of Rule 68 judgment sufficient to confer prevailing party status on plaintiff).

### D. Description of the Work Performed

Chronological time records organized into the format required by Guidelines ¶ 1.b are attached as Exhibit 2 for Howard B. Hoffman, Esquire. Exhibit 2 reflects all of the time expended by Plaintiff's counsel, less voluntary reductions. Plaintiff has also incurred fees in the prosecution of this motion. See Exh. 2 & 3 (Hoffman Affidavit, ¶ 2).

Generally speaking, the Plaintiff's counsel was involved in investigating, pleading, and discovery of the Plaintiff's claims. Counsel for the Plaintiff was in contact with counsel for the Defendants regarding the nature of the Plaintiffs demands and related issues concerning this case.

Accordingly, the Plaintiffs seek their attorneys' fees in the amount of **$9,000.00** for Hoffman, which includes the preparation of this Motion. This total represents 30.0 *billable* hours at $300.00 per hour.[1]

---

[1] Counsel for Plaintiff performed work for more 30 hours of work, but counsel exercised billing discretion and excised those entries before submitting this fee petition.

### E. Appropriateness of Fee

Using the often-cited factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as a guide,[2] Plaintiff submits that the requested fees are reasonable and appropriate. The three factors which Plaintiff cite specifically in support of their fee petition are: (i) the skill required to recognize, plead, and develop the evidence that Monster Auto Group failed to pay the Plaintiff appropriately under the FLSA and MWPCL; (ii) the undesirability of the case, particularly given the fact that the Defendant is no longer operating the store where Plaintiff worked (and has reduced the dealerships it has open); and (iii) the favorable results obtained and the vindication of the federally-protected rights of the Plaintiff to receive his just wages.

**1. Time and Labor Required.** The total time is not excessive for a case involving one Plaintiff which began with the initiation of litigation in August 2012, the service of discovery, an attempt at mediation, and the acceptance of an Offer of Judgment and the filing of the instant Motion. (Counsel has voluntarily withdrawn time spent investigating whether the case was appropriate for conditional class certification pursuant to 29 U.S.C. § 216(b).

While Defendant is anticipated to complain about the amount of time that counsel contemporaneously recorded in the prosecution of this matter, Defendant could have avoided the extent of the time involved had they offered judgment from the outset of the case, or otherwise settled sooner.

**2. Novelty and Difficulty of Questions.** On first blush, the claims may be straightforward, but Plaintiff's counsel relied on his years of experience in recognizing

---

[2]  The Fourth Circuit has long applied these factors in evaluating attorney fee awards. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994).

wage/hour violations in auto dealerships, and drafting a Complaint to allege the violations by Defendant. Plaintiffs' counsel also drafted specialized written discovery in order to advance theories of liability.

There are also no "boilerplate" formats that can be used to proceed as to these issues. But Defendant certainly benefited from the fact that Plaintiff's counsel did not have to engage in extensive legal research to determine whether there was any viable defenses.

**3. Requisite Skill Required.** While there may be straightforward issues under the FLSA, this case has required a high degree of skill and competence by Plaintiff's counsel, both procedurally and with respect to the FLSA. The ability to properly interview the Plaintiff and recognize key issues which would "make or break" this case, and to analyze and synthesize the evidence requires a great amount of skill and knowledge of the FLSA.

**4. Preclusion of Other Employment.** Hoffman's legal practice involves the representation individuals, as well as both large and small businesses. Hoffman concentrates on employment matters and employment immigration matters (with a particular emphasis on unpaid wage litigation). As a result of this litigation, Hoffman has been precluded from seeking out additional work, such as defending management in FLSA matters. In addition, this litigation has drained Hoffman's available time, requiring Hoffman to delay flat-fee based employment immigration work. Time spent on this matter has also delayed prosecutions of other pending matters.

**5. Customary Fee and Experience of Attorney.** Plaintiffs submit that the presumptive lodestar fee for this work, published in Appendix B of the Court's Local

Rules, is $225-300.00 per hour (for lawyers with 9 to 14 years of work). As set forth below, Plaintiffs seek the recovery of $300 per hour, with an enhancement for the reasons described below.

First, while the Court may have some familiarity with his background, it is worth noting that Howard B. Hoffman has been actively litigating before this Court since his admission over 13 years ago. Hoffman maintains his own legal practice, incurring expenses normally associated with maintaining a small business.

Hoffman is an honors graduate of University of Maryland School of Law (1999), graduating in the top 15% of this class. Hoffman was the recipient of the "Shawe & Rosenthal" employment law prize (Fall 1997), the "Joseph Bernstein Prize" (for excellence in legal writing; May 1999), and has been a member of the Maryland bar since December 1999 (and this Court's bar since January 2000). Hoffman has been a Contributing Revisions Editor to the ABA/BNA Treatise on the FLSA since 2002. A biography is attached as Exhibit 3-A. Mr. Hoffman has successfully represented clients in a number of employment law cases, including FLSA cases, resulting in reported decisions in this jurisdiction, including, but not limited to, Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009); Durham v. Jones, et al., WMN 10-2534, 2011 WL 1557841 (D. Md. April 21, 2011) (Nickerson, J.); Miller v. Hamm, CCB 10-243, 2011 WL 9185 (D. Md. Jan. 3, 2011) (Blake, J.); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. Sept. 14, 2010) (Blake, J.); Williams v. Long, 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.); Williams v. Long, 558 F.Supp.2d 601 (D. Md. 2008) (Motz, J.); Sabol v. Brooks, 469 F.Supp.2d 324 (D. Md. 2006) (Grimm, J.). Hoffman is frequently asked to speak at seminars regarding the FLSA.

6. **<u>Fixed or Continent Fee</u>.** Plaintiff's counsel handled these claims on a statutory fee basis. The Plaintiff is without the means to hire an attorney and go "out of pocket" to pay even the costs of this suit. Lawyers in the communities in which the Plaintiffs reside generally handle personal injury litigation and/or criminal defense. They generally do not venture into Federal Court to handle wage disputes (although there are a growing number of these cases).

The requested fees and reimbursement of costs represent the only compensation available to Plaintiffs' counsel after several months of litigation.

7. **<u>Time Limitations and Circumstances</u>.** Though the time in this case has been minimal, compared with other cases, this case has taxed and competed with Plaintiffs' counsel's time in other cases.

8. **<u>Amount Involved and Results Obtained</u>.** The Plaintiff opted to accept $4,500.00, in addition to the payment of $1,600.00 on October 22, 2012 (so Plaintiff will altogether receive $6,100.00). Plaintiff's acceptance was based on his personal circumstances, and his desire to avoid additional protracted litigation. Though discovery was not fully completed at the time the Offer of Judgment was accepted by Plaintiff, it is believed that the payment of $6,100.00 would represent more than 100% of Plaintiff's lost wages and represent an additional payment for statutory penalties.

Although one of the factors a court may consider is the degree of success obtained, it is well established that the simple disproportion between a plaintiff's recovery and fee applied for is not a proper basis for a reduction in an otherwise reasonable fee. <u>Kassim v. City of Schenectady</u>, 415 F.3d 246 (2d Cir. 2005). The Fourth Circuit has long recognized that "[a]wards of attorney's fees substantially exceeding

damages are not unusual in civil rights litigation." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 328 n.20 (4th Cir. 2006) (citing Mercer v. Duke Univ., 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding only nominal damage award). The same principal has been applied to FLSA cases. See Almenarez, et al. v. J.T.T, Enterprises Corp., et al., 2010 WL 3385362 (D. Md. 2010) ($84,058 attorney fee award based on three out of eight plaintiffs obtaining judgments totaling $3,300 before liquidated damages).

In weighing the results obtained in this case, the Court should likewise keep in mind the undesirability of litigating against a used car dealership which has closed at least one location. Getting <u>anything</u> from an employer who closed at least one dealership, and who failed to promptly pay commissions, much less guarantee the minimum wage to the Plaintiff, is a substantial accomplishment and an outstanding result.

**9**. **Undesirability of the Case.** Plaintiffs submit that a case involving protracted litigation and out-of-pocket expenses without the benefit of timely payment is inherently less desirable that one in which counsel is paid on a regular and recurring basis.

*But this is particularly true*, when Defendant no longer operates its dealership where Plaintiff worked. It further stands to reason that the Defendant suffered significant financial losses as a result of that business failure, and thus, the ability to recover in this case depends, in large measure, upon pursuing Defendant and hoping that Defendant can survive. Many lawyers would not pursue a similar wage/hour case, where the potential recovery is small and the Defendant had closed its dealership. Undersigned counsel took this case primarily because it offended his sense of justice, but outrage alone does not pay the costs of operating a small law practice in Montgomery County, Maryland. It is

egregious for an employer to not pay employees any money, whatsoever. Defendants' actions are a form of theft, and when repeated, can have negative consequences for communities and families, and if occurring often enough, can threaten to undermine the broader economy.

10. **Relationship with Clients.** Counsel has not represented Plaintiff in any other matters. The employment law practices of undersigned counsel generally do not result in repeat business or future income from employee-clients.

11. **Awards in Similar Cases.**

Three fairly recent decisions in the U.S. District Court have awarded Hoffman a rate of $300.00/hour. Hoffman was awarded an hourly rate of $300.00/hour in Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867, *14 (D. Md. 2011) (Williams, J.). Hoffman was also awarded an hourly rate of $300.00/hour in Spencer et al. v. Central Services, LLC, et al., 2012 WL 142978, * 3-4 (D. Md. Jan. 13, 2012) (Blake, J.). Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case). Hoffman was also awarded an hourly rate of $300.00/hour in Durham v. Jones, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (judgment was obtained in the amount of $1,112,200.00). In Durham, Hoffman obtained award of attorneys' fees and costs, with Judge Nickerson remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours. Id. at *8.

### III. COSTS

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of action." 29 U.S.C. § 216(b). "District courts have discretion to determine

the costs that will be taxed against losing defendants in FLSA cases." <u>Almendarez v. J.T.T. Enterprises Corp.</u>, JKS 06-68, 2010 WL 3385362, *7 (D. Md. Aug. 25, 2010). "The costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.' " <u>Id.</u> at *7 (<u>quoting</u> <u>Spell v. McDaniel</u>, 852 F.2d 762, 711 (4th Cir. 1988). In <u>Almendarez</u>, a judgment was returned in favor of three out of the eight plaintiffs. <u>Id.</u> at *1. Upon counsel's affirmation that the costs of the case were incurred in the course of litigation and were of the type customarily charged to the firm's fee paying clients, the Court taxed all of the costs against the Defendants. <u>See</u> <u>id.</u> at *8.

Here, counsel for the Plaintiffs attests that the following charges were incurred in the course of the litigation and are billed to fee paying clients: (i) postage, including postage to the Court and opposing counsel; (ii) the filing fee for this action; and (iii) mileage. (Exh. 2; Hoffman Aff. ¶ 4). Counsel requests that this Court enter an award of costs in the full amount incurred through December 18, 2012, in the amount of **$429.45**.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs request an award of attorneys' fees in the amount of **$9,000.00**, as well as costs and expenses in the amount of **$429.45**, for a total of **$9,429.45**.

Respectfully submitted,


_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar. No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)


**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2012, a copy of the foregoing Plaintiffs' Motion for Attorneys' Fees and Costs, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


_____
Howard B. Hoffman