PLAINTIFF'S EXHIBIT 3

IN THE U.S. DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Mr. Lawrence Nelson | * | |
| Plaintiff | * | |
| | * | |
| v. | | Case No. JKS 12-2288 |
| | * | |
| A&H Motors, Inc. (d/b/a "Monster Auto Group") | * | |
| Defendant | * | |

## AFFIDAVIT OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiffs in the above-referenced matter.

2. I have maintained time and costs records in this case, which I have placed into "TimeSlips" software. The time records set forth in Exhibit 2 are true and correct records of time entries inputted on a daily basis, and are contemporaneous business records held in the ordinary course by my private law practice. The time records reflect actual time expended in the prosecution of this litigation (the "TimeSlips" entries have been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendant has or could raise as a defense in this case. In many instances, I have not reported the often frequent calls from the Plaintiff requesting information regarding the status of this case.

3. I have also reviewed my records of business costs attributable to this case, which include

the records contained in the TimeSlips software database program, along with postage records maintained in a "Stamps.com" program, checks from my law firm operating account, and invoices and receipts that I have retained in connection with goods and services incurred in the above-referenced matter.

4. There are numerous categories of costs incurred in this case: (i) postage fees, in the amount of **$13.40**, which includes postage to opposing counsel; (ii) **$66.05 @ .555 per mile)** mileage/transportation fees to travel from Rockville to Greenbelt; and (iii) the filing fee for this action, **$350.00**. The total costs incurred in this case, pre-Judgment, are **$429.74**. These amounts are true and correct.

5. Not included in these costs are the costs involved in extensive computerized legal research (I utilize WESTLAW), photocopies, long-distance telephone/fax, or file storage (this case has generated at least one banker box of material).

6. In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case.

7. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing). I have been a member of the Maryland bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. A true and correct copy of my biography is attached as Exhibit A. While I would like to remain modest about my accomplishments in my relatively short time at the bar, suffice to say that I have successfully fought and secured legal rights for employees in numerous cases, under difficult circumstances presenting novel fact patterns. My work on behalf of employees

has included <u>Andrew v. Clark</u>, 561 F.3d 261 (4th Cir. 2009) (First Amendment and Due Process rights in public employment); <u>Durham v. Jones, et al.</u>, WMN 10-2534, 2011 WL 1557841 (D. Md. April 21, 2011) (Nickerson, J.); <u>Miller v. Hamm</u>, CCB 10-243, 2011 WL 9185 (D. Md. Jan. 3, 2011) (Blake, J.) (First Amendment and Due Process rights in public employment); <u>Dorsey et al. v. The Greene Turtle Franchising Corp.</u>, 2010 WL 3655544 (D. Md. Sept. 14, 2010) (Blake, J.) (grant of conditional certification in an FLSA case); <u>Williams v. Long</u>, 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (grant of conditional certification in an FLSA case (widely cited)); <u>Williams v. Long</u>, 558 F.Supp.2d 601 (D. Md. 2008) (Motz, J.) (successful dismissal of counterclaim against FLSA plaintiff; widely cited around U.S.); <u>Sabol v. Brooks</u>, 469 F.Supp.2d 324 (D. Md. 2006) (Grimm, J.) (unique issues in an FLSA case involving post-judgment collection discovery mechanisms)); <u>Wyckoff v. Maryland State Police</u>, 522 F.Supp.2d 730 (D. Md. 2007) (Quarles, J.) (sex discrimination and retaliation in public employment).

8. I concentrate on employment law and employment immigration law matters. My solo law practice is a "mixed blend," meaning that part of my practice involves hourly work for businesses (of all sizes) and individuals, "flat fee" employment immigration work, and statutory fee shifting cases (contingency cases) like the instant case. I represent and defend employers in collective actions under the FLSA, just as I prosecute FLSA violations. While my hourly rate may vary depending on the nature of the case and the resources available to an individual, I regularly recover $300/hr. in private settlements. When I perform flat-fee immigration work, my hourly rate is likely in excess of $300/hr. (although I have never analyzed this precisely).

9. This case has marginally interfered in the regular functioning of my practice. I have had

to borrow time from other matters in order to turn to this case. I cannot handle an unlimited number of cases.

**AFFIANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_____
Howard B. Hoffman, Esq.

December 18, 2012