**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LAWRENCE NELSON** | : |
| | : |
| v. | :    **Civil No. JKS 12-2288** |
| | : |
| **A&H MOTORS, INC.** | : |
| d/b/a Monster Auto Group | : |
| | : |

**MEMORANDUM OPINION**

Presently pending are Plaintiff's Motion for Attorney's Fees and Costs pursuant to Fed. R. Civ. P. 54(d)(2), the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*., and MD. CODE ANN. LAB & EMPL. §§ 3-501 *et seq*., ECF No. 15, and Plaintiff's motion to require defendant to produce billing records, ECF No. 22.  The matters have been fully briefed and no hearing is deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for attorney's fees and costs will be granted in part, and the motion to require production of billing records will be denied.

**I.    Background.**

This case concerned a dispute over whether an employer properly compensated its employee under state and federal laws for overtime hours allegedly worked.  Plaintiff filed the initial complaint on August 2, 2012.  In the course of preliminary proceedings, Plaintiff received a check from Defendant in the amount of $1,600.  Approximately one month after a settlement conference before Magistrate Judge William Connelly, Plaintiff accepted an Offer of Judgment, which was entered in the amount of $4,500 on December 13, 2012.

**II.     Discussion.**

The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory, 29 U.S.C. § 216(b),[1] while the amount awarded is discretionary. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citing *VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954)). To recover attorney's fees and costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a "generous formulation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[2] A plaintiff is a prevailing party for the purpose of attorney's fees if the plaintiff succeeds "on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Id.* (citation omitted). Having obtained a payment and a judgment, Plaintiff here is a prevailing party.

The court must then determine what fee is reasonable. *Id.* The starting point for establishing the proper amount of an award is the lodestar, "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994) (citing *Hensley*, 461 U.S. at 433). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Id*. at 175 (citing *Hensley*, 461 U.S. at 437). To determine the reasonableness of the number of hours and the hourly rate, the court considers twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7)

---

[1] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

[2] Although *Hensley* explained the standards of "prevailing party" under 42 U.S.C. § 1988, *Hensley* extends the standards to "all cases in which Congress has authorized an award of fees to a 'prevailing party,'" *Hensley*, 461 U.S. at 433 n.7, and are therefore pertinent to an award of fees under the FLSA.

>    time limitations imposed by the client or the circumstances; (8) the
>    amount involved and the results obtained; (9) the experience, reputation,
>    and ability of the attorneys; (10) the "undesirability" of the case; (11) the
>    nature and length of the professional relationship with the client; and (12)
>    awards in similar cases.

*Id*. (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) ("*Johnson* factors"); *Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986).

The hourly rates used to calculate the amount of attorney's fees must also be reasonable. *Hensley*, 461 U.S. at 433.  The parties do not dispute the hourly rate requested here, which represents the upper end of the accepted rates for lawyers admitted to the bar for nine to fourteen years, identified in Appendix B of the Local Rules, to wit: $300/hr.  This rate is consistent with application of the relevant *Johnson* factors to this case, including skill requisite to perform the legal services, the customary rates for such services, and experience, reputation, and ability of the attorney.  The court will calculate the lodestar on the basis of this rate.

Plaintiff initially requested the payment of a total of 30 hours, but in reply to Defendant's argument regarding the time claimed for the settlement conference, has reduced the request to 28.5 hours. Plaintiff also added a request for fees and costs in connection with the reply. Counsel contends that he has exercised billing discretion and also has not billed for time spent investigating whether the case was appropriate for conditional class certification.

Defendant responds that the attorney's fee is disproportionately large in relation to the judgment, that Plaintiff's admitted error in billing for the settlement conference raises the concern that other entries are overstated, that submitting written discovery requests six days before the settlement conference was unnecessary, that 1.7 hours to prepare that discovery and 3.5 hours to prepare the *ex parte* settlement conference statement were excessive, and that the legal issues were not complex and did not require extensive time.

A crucial factor in determining an award of attorney's fees is the extent of plaintiff's success. *Brodziak v. Runyon*, 145 F.3d 194, 196-97 (4th Cir. 1998) (citing *Hensley*, 461 U.S. at 440). An award greater than the amount of the judgment is not unusual. The Supreme Court found in *City of Riverside v. Rivera*, 477 U.S. 561, 573-81 (1986), that there is no rule requiring proportionality between the amount of judgment and fee award under civil rights statutes.[3] The Court stated that "[a] rule that limits attorney's fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose" in enacting civil rights laws, namely to ensure that victims of civil rights violations, who very often cannot afford to pay counsel at market rates, have effective access to the legal system. *Id.* at 576. The Fourth Circuit has accordingly recognized that "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 211-12 (4th Cir. 2005) (affirming $349,244 in attorney's fees awarded in Title IX suit yielding only nominal damage award)); *Wadsworth v. Clindon*, 846 F.2d 265, 266-67 (4th Cir.1988) (affirming $13,317 in attorney's fees awarded in Fair Housing Act suit yielding $1,000 in compensatory damages). The same principle applies to FLSA cases. *Cf. Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999). Thus, the court will award attorney's fees on the basis of a lodestar calculation, considering the amount of recovery only to the extent that amount is relevant to the *Johnson* factor of amount in controversy and results obtained.[4]

The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

---

[3] The FLSA is a civil rights statute. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454 (2008).

[4] The amount of fees incurred by the opposing party is not relevant to these factors and will not be considered. Accordingly, Plaintiff's motion to require defense counsel to produce his billing records is denied.

*Hensley*, 461 U.S. at 437. The party challenging a requested award of attorney's fees bears the burden of explaining its objections with sufficient detail and specific reference to the plaintiff's time records to allow the court to evaluate those challenges without itself pouring over the time records searching for unnecessary charges. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Here, in addition to the one correction to which Plaintiff's counsel agreed, Defendant challenges the time spent on discovery and the settlement conference statement. The court does not agree that 3.5 hours is excessive for the preparation of a settlement conference statement or 1.7 hours for the discovery requests. Overall, counsel's expenditure of time is reasonable in light of the proceedings which occurred prior to the acceptance of the Offer of Judgment. The amount awarded is not out of line with the amount recovered or with awards in similar cases. The case was unlikely to have precluded counsel from accepting other employment and thus would not warrant an upward adjustment. Lastly, the court does not accept Defendant's characterization of this judgment as having only nuisance value; while the complaint does not calculate actual damages, it estimates treble damages under Maryland law at $6,900,[5] and judgment of $4,500 plus the payment of unpaid commission represents a substantial percentage of what was sought.

Defendant also challenges the time spent on the fee petition, claiming that much of the content was copied from previous fee petitions. Plaintiff's counsel appropriately worked from previous petitions, but of course had to alter them, which clearly involved reviewing and editing time records.

The more serious concern relates to Plaintiff's counsel's billing error. Counsel's billing error, 5% of the total request, was the only entry Defendant was able to specifically challenge.

---

[5] The complaint appears to contain a typographical error. The amount is written as $6,9000.00. ECF No. 1 at 6. Defendant understood that $6,900 was intended. ECF No. 17 at 7.

This error raises the possibility of additional error and warrants a deduction of 5% from the remaining hourly balance, for a total fee award of $8,122.50.

Finally, it is inappropriate for counsel to seek recovery for time spent responding to an opposition that was rendered necessary in large part by counsel's own error. The supplemental request for fees and costs is denied in its entirety.

## III. Conclusion.

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs will be granted in the amount of $8,122.50 for attorney's fees and an undisputed amount of $429.45 for costs, or $8,551.95 in total.

Date   January 30, 2013                                    /S/
                                              JILLYN K. SCHULZE
                                              United States Magistrate Judge